# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRED LYNN GODSEY,

        Petitioner,               Case Number: 2:06-CV-15696

v.                                      HONORABLE STEPHEN J. MURPHY, III

MARY BERGHUIS,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Fred Lynn Godsey, a state inmate currently incarcerated at the Brooks Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for fleeing and eluding a police officer and accessory after the fact. For the reasons set forth below, the Court denies the petition.

**I.**      **Background**

The Michigan Court of Appeals summarized the facts adduced at Petitioner's trial juries as follows:

> Defendant was convicted as the driver of the "getaway" vehicle used to flee the scene of an armed robbery of a gas station. Both he and his co-defendant testified that defendant did not know about his co-defendant's intent to rob the gas station. Both further testified that, after the robbery, the co-defendant jumped into the truck in which the two arrived, and told defendant, who was just waking up, to drive. The co-defendant was holding a knife and a witness testified she saw defendant helping his co-defendant pick up money that he had dropped in the truck. Defendant testified that he was scared and drove quickly from the gas station and then led police on a chase. The police finally stopped defendant by ramming his vehicle with a police car. When they stopped

defendant, the police found a knife and money on the floor of the vehicle.

*People v. Godsey*, No. 230295 (Mich. Ct. App. July 5, 2002).

## II.     Procedural History

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of fleeing and eluding a police officer, and accessory after the fact.[1]  On September 14, 2000, Petitioner was sentenced as a fourth habitual offender to 12 to 25 years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I.     Defendant-appellant is entitled to resentencing where the trial court abused its discretion in imposition of a sentence which was disproportionate.
>
> II.    Defendant-appellant is entitled to resentencing because the trial court erred in denying the motion to sentence him as an habitual offender, second offense.

Petitioner raised the following additional claim in a *pro per* supplemental brief:

> Defendant is entitled to reversal of his conviction based upon the trial court's use of similar acts evidence which deprived defendant of a fair and impartial trial by jury as guaranteed by the Sixth Amendment of the United States Constitution and the Due Process Clauses of the United States and Michigan Constitutions.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Godsey*, No. 230295 (Mich. Ct. App. July 5, 2002).

---

[1] Petitioner originally pleaded guilty to armed robbery.  That conviction, however, was reversed by the Michigan Court of Appeals because the trial judge, during plea discussions, indicated that he would give Petitioner a substantially higher sentence if he proceeded to trial and was convicted.  *People v. Godsey*, No. 218657 (Mich. Ct. App. Apr. 21, 2000).  This trial followed the court of appeals' reversal of that plea-based conviction.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the sentencing claims raised in the Court of Appeals and the following additional claim:

> Defendant in the instant matter was deprived of a fair and impartial trial when the trial court amended the charges which resulted in a multiplicitous charge being given to the jury thereby violating the 5th Amendment Double Jeopardy Clause of the United States and Michigan Constitutions.

The Michigan Supreme Court denied leave to appeal. *People v. Godsey*, No. 122213 (Mich. Feb. 28, 2003).

Petitioner then filed a motion for relief from judgment in the trial court, raising the following claims:

I. Did the trial court unconstitutionally amend the indictment in this case by instructing on accessory after the fact?

II. Was the habitual 4th unconstitutionally attached to a crime for which defendant had not been indicted and could not have been convicted of by law?

III. Did trial counsel perform below the level of competence required by the United States Supreme court by failing to object to the accessory after the fact jury instruction?

IV. Did appellate counsel perform below the level of competence required by the United States Supreme Court by failing to raise the issue of the constitutionally impermissible jury instruction and the issue of ineffective assistance of trial counsel in this case?

The trial court denied the motion. *People v. Godsey*, No. 1996-1617-FC (Macomb County Circuit Court Jan. 14, 2005).

Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court, raising the same claims presented in his motion for relief from judgment. Both appellate courts denied leave to appeal. *People v. Godsey*, No.

261628 (Mich. Ct. App. Oct. 14, 2005); *People v. Godsey*, No. 129970 (Mich. Nov. 8, 2006).

Petitioner then filed the pending habeas petition, raising the following claims:

I. Fatal variance in jury instructions.

II. Trial court's sentencing of Petitioner as a habitual 4th in relation to a charge that was not included in the indictment and in support of which no evidence was presented at trial, exacerbated the fatal variance, further depriving Petitioner of due process.

III. Vindictive resentencing by the trial court.

IV. Similar acts.

V. Ineffective assistance of trial counsel.

VI. Ineffective assistance of appellate counsel.

VII. Petitioner's motion for relief from judgment in the trial court, under the circumstances of this case, should enjoy equitable tolling.

## III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication

of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[2]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

---

[2] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

5

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

## IV. Motion for Clarification of the Record

Petitioner has filed a Motion for Clarification of the Record in which he states that, based upon his confusion regarding habeas proceedings, he filed "a slew of 'protective motions,' most of which turned out to be unnecessary and/or were denied." Motion at 2. Petitioner further states that he "believes everything has been filed that needs to be filed for this Court to render its Opinion," and asks the court to inform him if he is incorrect. *Id.* The Court does not render advisory opinions or provide parties with legal advice. Therefore, the Court will deny the motion.

## V. Discussion

### A. Procedural Default

Respondent argues that Petitioner's first four claims are procedurally defaulted and, therefore, barred from federal habeas review. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the

6

> alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States*, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30.

This Court begins its analysis of whether Petitioner's claims are procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claims. *See id.* at 729-30. The Michigan Supreme Court, the last state court to address

Petitioner's first three claims, which were presented for the first time on collateral review, denied leave to appeal because the petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Godsey*, No. 129970 (Mich. Nov. 8, 2006).

The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir. 2000), *citing Rogers v. Howes*, 144 F.3d 990 (6th Cir. 1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 2000. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's convictions and direct appeal. The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007); *Simpson v. Jones*, 238 F.3d 399, 408 (6th Cir. 2000). Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked.

Therefore, this Court may not review Petitioner's first three claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Petitioner's fourth claim, regarding the admission of other acts evidence, was raised on direct appeal in state court. The state court addressed the merits of this claim

and did not invoke any state procedural rule to deny the claim. Therefore, this claim is not defaulted.

Petitioner asserts ineffective assistance of appellate counsel to excuse the default of his first three claims. The Supreme Court has held that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753-54 (internal citations omitted).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

To determine whether his appellate attorney was ineffective in failing to raise these defaulted claims on direct appeal, the Court considers the merits of Petitioner's claims.

First, Petitioner argues that the trial court unconstitutionally amended the indictment by instructing the jury on the offense of accessory after the fact where Petitioner had not been charged with that felony. The Sixth Amendment guarantees a

10

criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense.  *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948).  "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense."  *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988) (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)).  A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings."  *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).  Amendments to a state criminal information are permissible as long as the amendment does not enhance the degree of the crime charged or unfairly surprise the defendant.  *Wright v. Lockhart*, 854 F.2d 309, 312 (8th Cir. 1988).

The trial court, in finding that appellate counsel was not ineffective in failing to raise this claim on direct appeal, held that Petitioner's defense counsel agreed to the inclusion of the accessory after the fact instruction and that counsel's agreement was the functional equivalent of the trial court's granting of a motion to amend.  The trial court further held that because counsel acquiesced, Petitioner's right to notice was not violated.  Additionally, the court held that trial counsel's decision to agree to the instruction evidenced sound trial strategy because it avoided forcing the jury into an all or nothing verdict regarding the armed robbery charge.  The trial court concluded, therefore, that appellate counsel was not ineffective in failing to raise this claim on direct appeal.  *People v. Godsey*, No. 1996-1617-FC, slip op. at 3-4.

Petitioner has not shown that the trial court's conclusion in this regard was

11

contrary to or an unreasonable application of *Strickland*. Counsel's strategic decision to allow the accessory after the fact instruction may well have resulted in a not guilty verdict on the more serious charge of armed robbery. Therefore, the Court concludes that he has not established cause to excuse the default of this claim.

Second, Petitioner argues that he was improperly convicted of being a fourth habitual offender where he was not charged as such in the information. Due process does not require that a defendant receive notice of a habitual offender charge prior to trial on the substantive offense. *Oyler v. Boles*, 368 U.S. 448, 504 (1962). However, a defendant must receive "reasonable notice" and "an opportunity to be heard." *Id.* Where a defendant is informed of a recidivist charge and does not contest its validity, the defendant may not in a later habeas corpus proceeding maintain that he or she was not advised of or afforded an opportunity to contest that charge. *Id.* at 504-05.

In this case, in denying Petitioner's motion for relief from judgment, the trial court held that the prosecutor properly and timely filed a Fourth Offense Notice stating that Petitioner was subject to the penalties provided in the habitual offender statute, Mich. Comp. Laws § 769.12. Petitioner has failed to show that the state court's factual finding was incorrect or clearly erroneous. Therefore, Petitioner cannot show that his appellate attorney was ineffective in failing to raise this claim on appeal.

Third, Petitioner claims that the 12 to 25 year sentence was vindictive because it was greater than the 7-1/2 to 25 year sentence imposed after Petitioner pleaded guilty to armed robbery, a conviction which was reversed based upon the trial court's indication prior to entry of the plea that the court would be inclined to impose a greater sentence if Petitioner proceeded to trial. As pointed out by the trial court and

Respondent, the plea agreement provided that Petitioner would be sentenced as a second habitual offender. Following his trial, Petitioner was sentenced as a fourth habitual offender.

When the same judge applies a greater sentence after a defendant successfully appeals a first conviction, the presumption arises that the sentence is vindictive. *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969). To rebut that presumption, there must be objective information in the record justifying the increased sentence. *United States v. Goodwin*, 457 U.S. 368, 374 (1982). "[T]he evil the [presumption of vindictiveness] sought to prevent" was not the imposition of "enlarged sentences after a new trial" but "vindictiveness of a sentencing judge." *Texas v. McCullough*, 475 U.S. 134, 139 (1986). Thus, the presumption applies only in circumstances where there is a "reasonable likelihood" that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The presumption of vindictiveness does not arise when the first sentence was based upon a guilty plea and the second follows a trial because a sentencing judge has considerably more relevant sentencing information after trial than is generally available when the defendant pleads guilty. *Id.* During trial, "the judge may gather a fuller appreciation of the nature and extent of the crimes charged." *Id.* In addition, a "defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation." *Id.*

In this case, Petitioner's second sentence followed a trial and he was sentenced as a fourth, rather than second, habitual offender. Therefore, no presumption of vindictiveness arises and Petitioner has not demonstrated any evidence of actual

13

vindictiveness. Therefore, the Court finds appellate counsel was not ineffective in failing to raise this claim on direct appeal.

Petitioner fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his direct appeal were clearly stronger than those that were presented, and he has failed to overcome the strong presumption that his counsel was competent. Therefore, his first three claims are procedurally defaulted unless the petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* at 321. Thus, the petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.*

Petitioner has not supported his allegation of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court. Accordingly, these claims are procedurally defaulted.

**B.** **Other Acts Evidence**

In his fourth claim for habeas corpus relief, Petitioner argues that his right to a fair trial was violated when the trial court admitted evidence regarding Petitioner's previous acts of aggression against a police officer. The Michigan Court of Appeals held that the testimony was properly admitted and that, to the extent its admission was in error, the error was harmless. *Godsey*, slip op. at 2.

14

"Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994), *citing Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003). The United States Supreme Court has declined to hold that the admission of similar "other acts" evidence is so extremely unfair that its admission violates fundamental concepts of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990). Although the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513.

### C. Ineffective Assistance of Trial Counsel

Petitioner argues that his trial attorney was ineffective in failing to object to the jury instruction regarding accessory after the fact and in failing to object to the fourth habitual offender charge.

As discussed above, Petitioner failed to overcome the presumption that counsel's decision regarding the accessory after the fact jury instruction was anything other than sound trial strategy. In addition, he has failed to show that he did not receive adequate notice of the habitual offender charge. Therefore, Petitioner cannot establish that his attorney was ineffective in failing to raise these objections at trial.

### D. Ineffective Assistance of Appellate Counsel

15

Petitioner alleges that his appellate attorney was ineffective in failing to raise the first three claims presented in his petition on direct review.  Petitioner's ineffective assistance of appellate counsel claims are discussed above in the context of Petitioner's claim that his appellate attorney's ineffectiveness established cause to excuse his procedural default.  For the reasons set forth above, Petitioner has failed to show that his appellate attorney was ineffective and habeas relief is denied.

### E. Equitable Tolling of the Limitations Period

In his final claim for habeas corpus relief, Petitioner argues that the one-year limitations period applicable to habeas corpus petitions should be equitably tolled for the period he attempted to file his motion for relief from judgment in the trial court.  Respondent has not argued and the Court has not found that the petition was not timely filed.  Therefore, it is unnecessary to determine whether equitable tolling of the limitations period is warranted.

### VI. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002).  In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA.  *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at

that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

## VII.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Clarification of the Record is **DENIED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              UNITED STATES DISTRICT JUDGE

Dated: November 24, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 24, 2008, by electronic and/or ordinary mail.

                                 s/Alissa Greer
                                 Case Manager